CENTRAL LAND & INVESTMENT CO. v. STEVENSON.

MORTGAGES—RELEASE—NOTICE—QUIETING TITLE.
In suit to quiet title to land against mortgage, where assignee of mortgage took with actual notice that said land had been deeded to mortgagee and purchase price credited on mortgage, decree quieting title was justified.

Appeal from Luce; Runnels (Herbert W.), J. Submitted January 15, 1930. (Docket No. 118, Calendar No. 34,789.) Decided April 7, 1930.

Bill by the Central Land & Investment Company, a corporation, and another against George Stevenson to quiet title to land. From a decree for plaintiff, defendant appeals. Affirmed.

*Warner & Sullivan,* for plaintiffs.

*A. R. Sayles,* for defendant.

WIEST, C. J.    This is a bill in equity to quiet title against a mortgage, claimed to have been discharged as to 80 acres of land by merger of title in the mortgagee. Defendant, assignee of the mortgage, at the time of the assignment to him, had actual notice that the premises in suit had been released from the mortgage. The decree in the circuit court quieted the title and defendant appealed.

In 1920, C. L. Atwood, then secretary and treasurer of plaintiff corporation, held title to 1,200 acres of land in Luce county, under parol trust for the use and benefit of the corporation, and, September 1st of that year, deeded the land to J. H. Hass and took back thereon a mortgage to himself for $17,000. Sixteen days later Hass deeded the land, subject to the mortgage, to Herbert R. Yerxres. July 14, 1921, Yerxres deeded the 80 acres of land in suit to plaintiff corporation, the mortgagee in fact, and the corporation by reason thereof credited $2,000 on the $17,000 mortgage. This deed merged the fee in the mortgagee in fact, but not as the mortgage stood of record. Mr. Atwood died, and, May 25, 1926, the executors of his estate assigned the $17,000 mortgage to M. J. Honer. Mr.

Honer assigned the mortgage to defendant with the covenant that there was owing thereon the sum of $14,520, and interest. The assignment to defendant was in pursuance of a written agreement between the parties, in which it was stated:.

"It is understood and agreed that 80 acres of said premises has been released from the lien of said mortgage."

The agreement signed by the parties was not produced, but the attorney who prepared it testified that it was prepared in triplicate and the copy in court was from his office files and true. Mr. Honer testified that at the time the agreement was signed Mr. Stevenson was told that the 80 acres had been released from the mortgage. Mr. Stevenson was not present at the trial.

When Yerxres deeded the 80 acres to plaintiff company, a credit of $2,000 was given upon the $17,000 mortgage, and so entered upon the company records. Mr. Atwood held title to 1,200 acres of land for the use and benefit of plaintiff company under a parol trust and because of his office in the corporation, and upon sale thereof, the $17,000 mortgage taken in his name belonged to the company.

Yerxres' deed to the company vested the fee to the 80 acres in the actual mortgagee, released that parcel from the mortgage, and defendant's assignor of the mortgage took with full knowledge of such release, and defendant, as assignee of the mortgage, had actual notice of the fact. Mr. Atwood purchased and held the 1,200 acres of land for the company, sold the same for the benefit of the company, and the $17,000 mortgage he took back was the personal property of the company. The land having been sold by Atwood and the mortgage taken back

being personal property, we find no occasion to consider the statute of uses and trusts.

The decree in the circuit court is affirmed, with costs to plaintiffs.

Butzel, Clark, Potter, Sharpe, North, and Fead, JJ., concurred. McDonald, J., did not sit.